# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

NARIUM L. WILSON,

    Plaintiff,

v.

CIVIL ACTION NO.: CV207-125

PATRICK C. KAUFMAN,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly

AO 72A
(Rev. 8/82)

identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

It appears Plaintiff asserts Defendant Patrick Kaufman, who was his attorney during at least a portion of Plaintiff's criminal proceedings in Glynn County, Georgia, did not provide Plaintiff with adequate legal representation. Plaintiff contends he filed a grievance with the State Bar of Georgia concerning Defendant's representation of him, and the State Bar of Georgia notified Plaintiff that Defendant Kaufman voluntarily surrendered his license to practice law.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v.

Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). A court-appointed attorney[1] "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Plaintiff has not shown that Defendant Kaufman did not perform the traditional functions as counsel or that Defendant Kaufman otherwise acted under color of state law at any time he represented Plaintiff. Accordingly, Plaintiff cannot sustain a section 1983 claim against Defendant Kaufman.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Though it is unclear from Plaintiff's Complaint whether Kaufman was appointed by a court to represent him or whether Plaintiff retained Kaufman as his attorney, the result would be the same in either situation.